(120 App. Div. 513)

### ROGERS v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. June 14, 1907.)

MUNICIPAL CORPORATIONS — EMPLOYÉS — COMPENSATION — ABSENCE WITHOUT
LEAVE.

Charter of Greater New York, § 537 (Laws 1901, p. 242, c. 466), empowers the commissioner of street cleaning in his discretion to deduct and withhold the compensation of any member of the force on account of absence for any cause without leave. Section 536 (page 239) provides that

employés who are temporarily absent, and whose places are filled by others, shall not receive compensation for the time absent, unless the injury or illness to which the absence is due was caused by service in the department. *Held* that, where an employé in the department of street cleaning was absent without leave, he was not entitled to compensation for the time while absent, though his absence was due to an injury received in the service.

Appeal from Special Term, Kings County.

Action by Frank Rogers against the city of New York to recover a certain sum alleged to be due for unpaid salary while in the employ of the department of street cleaning of that city. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and RICH, JJ.

William J. Bogenshutz, for appellant.

James D. Bell (Jerome W. Coombs, on the brief), for respondent.

RICH, J. The plaintiff, who was an employé of the defendant, as an assistant to section foreman in the department of street cleaning, received an injury on December 27, 1903, while engaged in the performance of his duties, which incapacitated him from rendering further services down to the time of the trial of this action. On September 2, 1904, he applied for a leave of absence without pay until December 2, 1904, which was granted. On October 14, 1904, charges were preferred against him by the commissioner, based upon his physical inability to perform his duties, a copy of which was duly served, and an opportunity given him to be heard on October 21st. On October 24th following, he was dismissed from the department for physical incompetency. This action was brought to recover the compensation attaching to his position from the time of the injury to November 1, 1904. Upon the trial the plaintiff testified that he never made any application for absence on sick leave, and never authorized any one to make such application for him. Section 537 of the Charter of Greater New York (Laws 1901, p. 242, c. 466) empowers the commissioner of street cleaning, "in his discretion, to deduct and withhold pay, salary, or compensation from any member or members of the force for and on account of absence for any cause without leave." At the close of the plaintiff's evidence, the learned trial justice granted defendant's motion to dismiss the complaint, upon the ground that the plaintiff had failed to establish a cause of action, and from the judgment entered thereon the plaintiff appeals.

The plaintiff having been absent, according to his own evidence, without leave, during the time for which he seeks to recover, the fact that he had not been paid for the period during which he rendered no services did not establish a cause of action; the statute expressly authorizing the commissioner to deduct and withhold his compensation. Nor do the provisions of section 536, providing that in cases where certain employés (of whom plaintiff was one) are temporarily absent, and their places filled by others, they shall not receive compensation for the time absent, "unless such injury or illness was caused by service in the department," aid plaintiff. Such an employé is re-

quired, as a condition precedent to receiving compensation, to apply for absence on sick leave, and this, if granted, under the provisions of section 537, entitles him in the discretion of the commissioner to full pay, if the absence is not longer than 20 days, and to one-half pay, if longer.

No cause of action was established, and the judgment must be affirmed, with costs. All concur.